UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
APR 1 7 2017
LAWRENCE K. BAERMAN, CLERK
ALBANY

Thomas J. Moran **Plaintiff(s)**

vs.

Proskauer Rose LLP
Jerold D. Jacobson
Keisha Ann Grace Gray **Defendant(s)**

Civil Case No.: 1:17-cv-423

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

Plaintiff(s) demand(s) a trial by:  ◯ JURY   ● COURT   (Select **only** one).

Plaintiff(s) in the above-captioned action, allege(s) as follows:

### JURISDICTION

1. This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

### PARTIES

2. Plaintiff: Thomas J. Moran

   Address: 500 16th St.

   Apt 203

   Watervliet, NY 12189

   Additional Plaintiffs may be added on a separate sheet of paper.

3. a. Defendant: Proskauer Rose LLP

   Official Position: Law Firm

   Address: 11 Times Square

   New York, NY 10036

b.  Defendant: __Mr. Jerold D Jacobson__

Official Position: __Attorney at Law__

Address: __Proskauer Rose, LLP__

__11 Times Square__

__New York, NY 10036__

c.  Defendant: __Ms. Keisha Ann Grace Gray__

Official Position: __Attorney at Law__

Address: __Proskauer Rose, LLP__

__11 Times Square__

__New York, NY 10036__

Additional Defendants may be added on a separate sheet of paper.

4.                                          **FACTS**

Set forth the facts of your case which substantiate your claim of violation of your civil and/or Constitutional rights. List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.** (You may use additional sheets as necessary).

## See attachment.

5. **CAUSES OF ACTION**

**Note: You must clearly state each cause of action you assert in this lawsuit.**

**FIRST CAUSE OF ACTION**

See attachment.

**SECOND CAUSE OF ACTION**

See attachment.

**THIRD CAUSE OF ACTION**

See attachment.

6. **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff(s) request(s) that this Court grant the following relief:

See attachment.

_____

_____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 04/14/2017

Thomas J. Moran
Digitally signed by Thomas J. Moran
Date: 2017.04.14 11:21:17 -04'00'

Signature of Plaintiff(s)
(all Plaintiffs must sign)

02/2010

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Thomas J. Moran,

Plaintiff

v.                                               Civil Case No.:

Proskauer Rose, LLP,

Mr. Jerold D. Jacobson,

Attorney,

Ms. Keisha Ann Grace Gray,

Attorney,

Defendants                                       Pro Se


**COMPLAINT**

COMES NOW the Plaintiff, Mr. Thomas J. Moran, appearing Pro Se, and for a Complaint against the Defendants Proskauer Rose, LLP, Mr. Jerold D. Jacobson, and Ms. Keisha Ann Grace Gray, states, alleges, and avers as follows:

The plaintiff, Mr. Thomas J. Moran is a citizen of the State of New York, United States of America. Defendants, Mr. Jerold D. Jacobson and Ms. Keisha Ann Grace Gray, Attorneys with Proskauer Rose, LLP, 11 Times Square, New York, NY 10036.


**ALLEGATIONS**

1. Mr. Moran alleges that Mr. Jerold D. Jacobson and Ms. Keisha Ann Grace Gray both Attorney's with Global law firm Proskauer Rose, LLP, arrived without valid law licenses to practice law at a New York State Division of Human Rights (also known at the NYSDHR) conference where a Complaint filed by Plaintiff against the Jewish Board for Family and Children's Services. Mr. Moran checked Mr. Jacobson's Law License with the New York State Unified Court System (also known as the NYSUCS) and found upon checking the system on November 9th, November 16th, December 2nd, and December 11th, all in the year of 2016 Mr. Jacobson had still to register and renew his law license. **[Exhibit #1]**

Mr. Moran also checked the status of Ms. Keisha Ann Grace Gray's Law License status with the NYSUCS and found that on December 18th, 2016, after the December 15th, 2016 conference attended stated above, where Ms. Gray was practicing law at the NYSDHR with Mr. Jacobson, Ms. Gray had no law license with the NYSUCS. **[Exhibit #2]** Plaintiff checked again this year on March 3rd, 2017 and Ms. Gray still is not registered to practice law with the NYSUCS. Both Mr. Jacobson and Ms. Gray practiced law on December 15th, 2016 at the NYSDHR (*For **emphasis**, would one go to a Doctor, Surgeon, Attorney, Dentist, Therapist, Real Estate Agent or a General Contractor or any other professional who didn't have a valid license to practice their profession? That constitutes a fraudulent transaction.*) Mr. Moran arrived on December 15th, 2015 for the conference with Plaintiff's former employer the Jewish Board of Family and Children's Services. Plaintiff refused to deal with the two attorneys: Mr. Jerold D. Jacobson and Ms. Keisha Ann Grace Gray who had no valid law licenses and could not prove otherwise at the beginning of the meeting and Plaintiff promptly exited the meeting. Mr. Moran let Mr. De Amelia and Ms. Comstock, of the NYSDHR, know that allowing two attorneys with no valid law licenses into this conference to practice law is fraudulent.

2. Mr. Moran alleges that Mr. Jacobson was to renew his law license in 2016, as of December 11, 2016, four days before the twice scheduled NYSDHR conference on December 15th, 2016, Mr. Jacobson's law license had not been renewed. Mr. Moran was checking Mr. Jacobson's law license since November 9th, 2016 as written above in paragraph one (1) above. Plaintiff would like Mr. Jacobson to provide proof of the renewal date of Defendant's law license.
**[Exhibit #3]**

3. Mr. Moran alleges that Mr. Jacobson wrote a fraudulent response to Mr. Moran's NYSDHR Complaint due to Defendant's law license being expired at the time the Response was sent, via e mail, on October 17th, 2016 and submitted to Mr. Victor P. De Amelia, Regional Director of the NYSDHR. **[Exhibit #3]**

4. Mr. Moran alleges that Ms. Keisha Ann Grace Gray has still to new Defendant's law license. Mr. Moran checked Ms. Gray's law license AFTER the December 15th, 2016 meeting and found that Ms. Gray's law license was expired.

2

Mr. Moran further alleges that Ms. Gray practiced law without a law license at Plaintiff's Conference on December 15th, 2016 with Mr. Jacobson at the NYSDHR with Mr. Victor P. De Amelia and Ms. Nicole Comstock, both NYSDHR employees, present at the meeting. **[Exhibit #2]**

5. Mr. Moran received an email on his personal email address from Ms. Maria Di Cosimo, a Solutions Consultant employee, with Lexis-Nexis asking Plaintiff: *"Keisha-Ann Gray asked me to contact you to set up a brief overview and/or training of LexisNexis resources available that may be helpful."* **[Exhibit #4]** Ms. Di Cosimo employer of record is Lexis-Nexis not Proskauer Rose, LLP. Plaintiff alleges that Ms. Gray of Proskauer Rose, LLP tricked Ms. Di Cosimo of Lexis-Nexis into providing Ms. Gray with information that was obtained through Ms. Di Cosimo's connection with Lexis-Nexis fraudulently. Plaintiff also alleges that Ms. Gray violated the trust Ms. Di Cosimo must have in working with clients such as Proskauer Rose, LLP. Ms. Gray committed fraud in obtaining Mr. Moran's personal e mail address. Plaintiff also alleges as to why Ms. Gray took advantage of Ms. Di Cosimo in providing Mr. Moran's personal e mail address for the purposes of obtaining information for fraudulent use against Plaintiff. Ms. Gray is not only putting Ms. Di Cosimo's position at Lexis-Nexis in jeopardy, but also the trust and value that Lexis-Nexis provides clients like Proskauer Rose, LLP. Mr. Moran also alleges that Ms. Gray perpetrated fraud upon Ms. Di Cosimo and Lexis-Nexis. This action alone, Lexis-Nexis should start performing audits on Proskauer Rose, LLP to find out if other attorneys have perpetrated that same fraud on them as well as Ms. Di Cosimo. Plaintiff also alleges that Ms. Gray threatened and harassed Ms. Di Cosimo for the information that Lexis-Nexis provides.

6. Mr. Moran alleges that Mr. Jerold D. Jacobson has a personal relationship with the Jewish Board of Family and Children's Services and is therefore inappropriate to handle the issues of the Jewish Board. Mr. Moran alleges that Mr. Jacobson attends the Jewish Board's Spring Benefits Gala held every year in New York City and has personal contacts with the Board of Directors and Employees of the Jewish Board and is therefore, again, an inappropriate attorney to represent the Jewish Board, as well as having no valid law license to practice law. **[Exhibit #5]**

3

## CLAIMS OF RELIEF

WHEREFORE, the plaintiff, Thomas J. Moran, pray that the Court issue an injunction enjoining the defendant from continuing its practice of allowing attorneys with no law licenses to practice law in the State of New York as well as the United States.

Mr. Jerold D. Jacobson to provide Mr. Thomas J. Moran, Plaintiff, relief in the amount of $20 Million Dollars.

Ms. Keisha Ann Grace Gray to provide Mr. Thomas J. Moran, Plaintiff, relief in the amount of $20 Million Dollars.

Proskauer Rose, LLP to provide Mr. Thomas J. Moran, Plaintiff, relief in the amount of $200 Million Dollars.

Mr. Thomas J. Moran, Plaintiff, also asks the Court to award Plaintiff such additional relief as may be just, proper, and equitable to this dispute.

Respectfully submitted,

Thomas J. Moran
5 5th St., Apt 2, Watervliet, NY 12189
PRO SE
April 14, 2017