UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS J. MORAN,

                                        Plaintiff,

                                                                1:17-cv-00423
v.                                                              (MAD/TWD)


PROSKAUER ROSE LLP, et al.,

                                        Defendants.
_____

APPEARANCES:

THOMAS J. MORAN
Plaintiff, *pro se*
500 16th St.
Apt. 203
Watervliet, NY 12189

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

<u>**ORDER AND REPORT-RECOMMENDATION**</u>

        The Clerk has sent to the Court for initial review the compliant in this action brought by

Plaintiff Thomas J. Moran against Defendants Proskauer Rose LLP ("Proskauer Rose"), Jerold

D. Jacobson ("Jacobson") and Keisha Ann Grace Gray ("Gray").  (Dkt. No. 1.)  Also before the

Court is Plaintiff's application for leave to proceed *in forma paupers* ("IFP Application") and a

motion for appointment of counsel.  (Dkt. Nos. 2 and 3.)

**I.        IFP APPLICATION**

        A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee

for commencing an action.  28 U.S.C. § 1915(a)(1) (2006).  After reviewing Plaintiff's IFP

Application, the Court finds that he meets this standard.  Therefore, Plaintiff's IFP Application (Dkt. No. 2) is granted.

## II.    LEGAL STANDARDS FOR INITIAL REVIEW

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a person proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted).  Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed.  *See, e.g.*, *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While Rule 8(a) of the Federal Rules of Civil
Procedure, which sets forth the general rules of pleading, "does not require detailed factual
allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation."  *Id*.
In determining whether a complaint states a claim upon which relief may be granted, "the court
must accept the material facts alleged in the complaint as true and construe all reasonable
inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994)
(citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in
a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of
the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to
raise the strongest arguments they suggest.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185,
191 (2d Cir. 2008) (citation omitted).  A *pro se* complaint should not be dismissed "without
giving leave to amend at least once when a liberal reading of the complaint gives any indication
that a valid claim might be stated."  *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.
1999) (citation and internal quotation marks omitted).  An opportunity to amend is not required
where "the problem with [the plaintiff's] causes of action is substantive" such that "better
pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III.   COMPLAINT

Plaintiff filed this action on a form used for a civil rights complaint pursuant to 42 U.S.C.
§ 1983, but does not set forth any allegations of violation of his constitutional rights under color
of state law pursuant to section 1983.  (*See generally* Dkt. No. 1.)  According to Plaintiff,
Proskauer Rose is a global law firm and counsel for non-party Jewish Board of Family and

Children's Services ("JBFCS").  (Dkt. No. 1 at 5.[1])  JBFCS is Plaintiff's former employer.  *Id.*
Jacobson and Gray are attorneys with Proskauer Rose.

According to publicly available documents, Plaintiff filed a complaint against JBFCS for
discrimination on the basis of his race, sexual orientation, and disability with the New York State
Division of Human Rights ("NYSDHR").  *See Moran v. DeAmelia, et al.*, No. 1:17-cv-00422
(TJM/CFH), Dkt. No. 1.[2]

It appears that in connection with Plaintiff's complaint filed against JBFCS, a conference
was scheduled to take place in New York State on December 15, 2016.  (Dkt. No. 1 at 5.)  At the
conference, JBFCS was represented by Jacobson and Gray, attorneys for Proskauer Rose.
Plaintiff claims, however, that Jacobson and Gray arrived at the conference without valid law
licenses to practice law in New York State.  *Id.*

According to Plaintiff, prior to the conference, Plaintiff "checked the status" of
Jacobson's "law license with the New York State Unified Court System (also known as
"NYSUCS")," and "Jacobson had still to register and renew his law license."  *Id.*  Plaintiff also
"checked the status" of Gray's "law license status with the NYSUCS and found that on
December 18, 2016," three days after the conference, Gray "had no law license with the
NYSUCS."  *Id.* at 6.  Plaintiff has attached computer printouts of his "Attorney Search" on the
website maintained by the NYSUCS as exhibits to his complaint.  (Dkt. No. 1-1 at 2-7.)

---

[1] Page references identified by docket number are to the page number assigned by the Court's
CM/ECF electronic docketing system.

[2] In *Moran v. DeAmelia*, also filed April 17, 2017, Plaintiff alleged that employees with the
NYSDHR discriminated against him on the basis of his sexual orientation and disability in
violation of the Americans with Disabilities Act "ADA" and Title VII of the Civil Rights Act of
1964 ("Title VII").  *See Moran v. DeAmelia*, No. 1:17-cv-00422 (TJM/CFH), Dkt. No. 1 at 6.
Upon initial review pursuant to 28 U.S.C. § 1915(e), U.S. Magistrate Judge Christian F. Hummel
recommended dismissal of the complaint it its entirety.  *Id.*, Dkt. No. 5.

Because Jacobson and Gray "had no valid law licenses and could not provide otherwise at the beginning of the [December 15, 2106 conference] . . . Plaintiff promptly exited the meeting." (Dkt. No. 1 at 6.) Thereafter, Plaintiff advised non party NYSDHR employees Mr. DeAmelia and Ms. Comstock "that allowing two attorneys with no valid law licenses into [the December 15, 2006] conference to practice law [was] fraudulent." *Id.*

Plaintiff also claims that prior to the conference, on October 17, 2016, Jacobson submitted a "fraudulent response" to non-party Mr. DeAmelia of NYSDHR because at the time the email was transmitted, Jacobson's New York law license was "expired." *Id.* Moreover, Plaintiff generally claims that it was "inappropriate" for Jacobson to "handle the issues" for JBFCS because of Jacobson's "personal relationship" with JBFCS. *Id.* Plaintiff attaches copies of photographs taken at JBFCS's 2013 Spring Benefit, which Jacobson attended, to his complaint. (Dkt. No. 1-1 at 9-10.)

Lastly, on January 25, 2017, Plaintiff received an email from non-party Ms. Maria DiCosimo, a Solutions Consultant employee with LexisNexis stating: "Keisha-Ann Gray asked me to contact you to set up a brief overview and/or training of LexisNexis resources available that may be helpful." (Dkt. No. 1 at 7; Dkt. No. 1-1 at 8.) Thus, Plaintiff claims that Gray "tricked" LexisNexis into providing Gray with Plaintiff's personal information. *Id.* Plaintiff alleges Gray violated the trust of LexisNexis and perpetuated fraud upon Ms. DiCosimo. *Id.* Plaintiff avers that Gray threatened and harassed Ms. DiCosimo "for the information that Lexis-Nexis provides." *Id.*

As relief, in addition to significant monetary damages, Plaintiff seeks an "injunction enjoining the defendant from continuing its practice of allowing attorneys with no law licenses to practice law in the State of New York as well as the United States." *Id.* at 8.

5

**IV.     SUBJECT MATTER JURISDICTION**

The subject matter of the federal courts is limited and is set forth generally in 28 U.S.C.

§§ 1331 and 1332.  Under these statutes, federal jurisdiction is available only when a "federal

question" is presented under § 1331 or when the plaintiff and defendant are citizens of different

states and the amount in controversy exceeds the sum or value of $75,000 under § 1332.

A federal court has an independent obligation to determine whether subject matter exists,

even in the absence of a challenge to jurisdiction by a party.  *Ruhrgas AG v. Marathon Oil Co.*,

526 U.S. 574, 583 (1999).  When a court lacks subject matter jurisdiction, dismissal is

mandatory.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  Therefore, although courts

"construe a *pro se* plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal

court must still comply with the relevant rules of procedural and substantive law, including

establishing that the court has subject matter jurisdiction over the action."  *Ally v. Sukkar*, 128 F.

App'x 194, 195 (2d Cir. 2005) (internal citation omitted).

The allegations in Plaintiff's complaint do not suggest a basis for federal question

jurisdiction under § 1331.  To invoke federal question jurisdiction, the plaintiff's claims must

arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Federal

question jurisdiction may properly be invoked only if the plaintiff's complaint necessarily draws

into question the interpretation or application of federal law."  *State of New York v. White*, 528

F.2d 336, 338 (2d Cir. 1975).  Here, the allegations in Plaintiff's complaint do not cite any

federal authority as the basis for his claims, and the federal nature of Plaintiff's claims is not

otherwise apparent, nor can it be inferred from the allegations in the complaint.

Plaintiff has, however, filed his complaint on a form used for civil rights complaints

brought by individuals against defendants who act "under color of state law" in violating the

plaintiff's federal constitutional or statutory rights.  42 U.S.C. § 1983.  (Dkt. No. 1.)  To state a

claim under § 1983, a plaintiff "must allege (1) that the conduct complained of was committed

by a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a

right, privilege, or immunity secured by the Constitution or laws of the United States."  *Velez v.*

*Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

Section 1983 does not in and of itself create any substantive rights; rather the plaintiff must

demonstrate a violation of an independent federal constitutional or statutory right.  *Patterson v.*

*Cnty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004).

Indeed, "[b]ecause the United States Constitution regulates only the Government, not

private parties, a litigant claiming that his constitutional rights have been violated must first

establish that the challenged conduct constitutes 'state action.'"  *United States v. Int'l Bhd. of*

*Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 941 F.2d 1292, 1295–96 (2d Cir.

1991) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).  A private defendant may be held

liable only as "a willing participant in joint activity with the State or its agents."  *Adickes v. S.H.*

*Kress & Co.*, 398 U.S. 144, 152 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794

(1966)).  Claims under § 1983 can be brought against private entities by "showing that a person

acting under color of state law . . . collaborated or conspired with a private person . . . to deprive

the plaintiff of a constitutional right."  *Fries v. Barnes*, 618 F.2d 988, 990 (2d Cir. 1980) (citing

*Adickes*, 398 U.S. 144).

In this case, Plaintiff names Proskauer Rose, a private law firm, and Jacobson and Gray,

private attorneys associated with Proskauer Rose, as Defendants.  Plaintiff has not alleged that

Defendants acted under color of state law or conspired with the State or any of its agents to

violate his constitutional rights.  In any event, "it is well-settled that private attorneys do not act

under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law." *Rouse v. De Lorenzo*, No. 1:11-CV-1466 (TJM/DRH), 2011 WL 9535875, at *2 (N.D.N.Y. Dec. 20, 2011)[3] (collecting cases).  Thus, it appears that Plaintiff has merely used a form for a civil rights complaint out of convenience, and not in attempt to set forth section 1983 claims.

The complaint also fails to allege a basis for diversity jurisdiction.  To establish jurisdiction under § 1332, diversity must be complete.  *See Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir. 1992) ("complete diversity [is required] between all plaintiffs and all defendants.")  Therefore, Plaintiff must allege that he and Defendants are citizens of different states.  He has not done so, nor could he inasmuch as Plaintiff resides in Watervliet, New York, and Jacobson and Gray are citizens of New York.  (Dkt. No. 1 at 2.)  Similarly, with the exception of corporations, the citizenship of business entities is derived from the citizenship of all members of the entity.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1980).  Thus, for diversity purposes, limited liability partnerships, like Proskauer Rose, obtain citizenship from each of their members.[4]  *See, e.g.*, *Handlesman v. Bedford Village Assocs. Ltd. Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000) ("for purposes of diversity jurisdiction, limited partnerships have the citizenship of each of it its general and limited partners") (citations omitted).  As such, the Court lacks diversity jurisdiction.

---

[3] Copies of unpublished decisions will be provided to Plaintiff in accordance with *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

[4] The Court takes judicial notice that Proskauer Rose is a domestic registered limited liability partnership and has its principal executive office at Eleven Times Square, New York, New York, 10036.  *See* New York State Department of State Division of Corporations *available a t*https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_INFORMATION (information obtained for "Proskauer Rose LLP") (last visited May 1, 2017).

In light of the above, the Court recommends the *sua sponte* dismissal of Plaintiff's complaint for lack of subject matter jurisdiction.

Ordinarily, given Plaintiff's *pro se* status, the Court would recommend that he be given an opportunity to amend prior to an outright dismissal. *See Cuoco*, 222 F.3d 112. However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Id*. Because lack of subject matter jurisdiction is a substantive defect, *Deul v. Dalton*, No. 1:11-CV-0637 (RTS/RFT), 2012 WL 235523 at *8 n.19 (N.D.N.Y. Jan. 25, 2012), the Court recommends dismissal without leave to amend.

## V.     MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has moved for appointment of counsel. (Dkt. No. 3.) Even if the Court were not recommending dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction, a more fully developed record would be necessary before an assessment can be made as to whether counsel should be appointed. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (court must look to the likelihood of merit of the underlying dispute in determining whether to appoint counsel). Therefore, the motion for appointment of counsel (Dkt. No. 3) is denied.[5] The denial is without prejudice so that Plaintiff will not be precluded from making a subsequent motion for appointment of counsel in the event the District Court allows the action to proceed.

---

[5] The Court notes that Plaintiff has failed to attach to his motion the correspondences he received from the attorneys he contacted in his effort to obtain counsel. (Dkt. No. 3 at ¶ C.) Instead, Plaintiff declares that he left case information with counsel and did not receive any responses. *Id*. at ¶ B.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**; and it is further

**RECOMMENDED** that the complaint (Dkt. No. 1) be **DISMISSED WITHOUT LEAVE TO AMEND** for lack of subject matter jurisdiction; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE**; and it if further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff, along with a copy of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[6]  Such objections shall be filed with the Clerk of the Court.  <u>**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**</u>.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: May 1, 2017
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[6] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

2011 WL 9535875
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Shelia ROUSE, Plaintiff,
v.
Thomas DE LORENZO, Defendant.

No. 1:11–CV–1466 (TJM/DRH).
|
Dec. 20, 2011.

**Attorneys and Law Firms**

Shelia Rouse, Albany, NY, pro se.

**REPORT–RECOMMENDATION AND ORDER**

DAVID R. HOMER, United States Magistrate Judge.

**I. Background.**

**\*1** Presently before this Court is an application to proceed in forma pauperis and a civil rights complaint filed by Shelia Rouse ("Rouse" or "plaintiff"). Rouse has not paid any fee relating to this action. Dkt. Nos. 1, 2.

Rouse brings this action alleging the named defendant, an attorney, illegally cashed a check given to him by plaintiff for purposes of posting bail. Rouse contends defendant did not provide any service on her behalf and seeks defendant reimburse her the amount of the check. For a complete statement of Rouse's claims, reference is made to the complaint. Dkt. No. 1.

**II. Initial Screening**

The Court has reviewed Rouse' in forma pauperis application. See Dkt. No. 2. Because Rouse sets forth sufficient economic need, the Court finds that Rouse qualifies to proceed in forma pauperis.

Having found that Rouse meets the financial criteria for commencing this case in forma pauperis, the Court must now consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and

1915A. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) ... the court shall dismiss the case at any time if the court determines that   ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Thus, even if a plaintiff meets the financial criteria to commence an action in forma pauperis, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in forma pauperis. See id.

Plaintiff brought this action under 42 U.S.C. § 1983 ("Section 1983"). Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. German v. Fed. Home Loan Mortg. Corp., 885 F.Supp. 537, 573 (S.D.N.Y.1995) (citing Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law. Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir.1992); see also Rounseville v. Zahl, 13 F.3d 625, 628 (2d Cir.1994) (noting state action requirement under § 1983). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.' " United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 941 F.2d 1292, 1295  96 (2d Cir.1991) (citing Blum v. Yaretsky, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)). A private defendant may be held liable only as "a willing participant in joint activity with the State or its agents." Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (quoting United States v. Price, 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966)). Claims under § 1983 can be brought against private entities by "showing that a person acting under color of state law ... collaborated or conspired with a private person ... to deprive the plaintiff of a constitutional right." Fries v. Barnes, 618 F.2d 988, 990 (2d Cir.1980) (citing Adickes, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142).

## III. **Discussion**

**\*2** Defendant Thomas DeLorenzo is a private attorney who was apparently retained by Rouse for the purpose of posting bail for Rouse. Rouse has not alleged that defendant DeLorenzo acted under color of state law or conspired with the State or any of its agents to violate Rouse's constitutional rights.

Furthermore, it is well-settled that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law. *See, e.g., Rodriguez v. Weprin,* 116 F.3d 62, 65 66 (2d Cir.1997) (private attorney not a state actor by virtue of his appointment by the court to represent a defendant in a state criminal proceeding); *Fine v. City of New York,* 529 F.2d 70, 74 (2d Cir.1975) (private attorney not a state actor); *Agron v. Douglas W. Dunham, Esq. & Assocs.,* No. 02 Civ. 10071, 2004 WL 691682, at \*3 (S.D.N.Y.Mar.31, 2004) ("It is well-established that as a matter of law a private attorney is not a state actor."); *Cunningham v. Fisch,* 01 Civ. 1123, 2001 U.S. Dist. LEXIS 17483, at \*11 (S.D.N.Y. Oct. 26, 2001) (" '[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law' within the meaning of § 1983." ') (*quoting Polk County v. Davidson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)). *Sullivan v. Stein,* No. Civ. 3:03 CV 1203, 2004 WL 1179351, at \*10 (D.Conn. May 21, 2004).

Accordingly, defendant DeLorenzo should be dismissed from this action and the complaint dismissed.

### III. **Conclusion**

Accordingly, for the above-stated reasons, it is hereby

**RECOMMENDED** that Rouse's complaint be **DISMISSED;** and it is further

**ORDERED** that although Rouse qualifies to proceed *in forma pauperis,* her application is **DENIED** as moot in light of the Court's recommendation that this action be dismissed; and it is further

**ORDERED** that the Clerk serve plaintiff with a copy of this report-recommendation by regular mail, and certified mail, return receipt requested.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the ... recommendation." N.Y.N.D.L.R. 72 .1(c) (citing 28 U.S.C. § 636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Small v. Sec'y of HHS,* 892 F.2d 15 (2d Cir.1989); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

### **SO ORDERED.**

### **All Citations**

Not Reported in F.Supp.2d, 2011 WL 9535875

---

© 2017 Thomson Reuters. No claim to original U.S. Government Works.

 © 2017 Thomson Reuters. No claim to original U.S. Government Works.

2012 WL 235523
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Loriann DEUEL and Lorraine Deuel, Plaintiffs,
v.
Frank T. DALTON; State of New York; New York
State Unified Court System; Philip J. Danaher, Esq.,
as the attorney appointed to act as Law Guardian for
BMD; Catherine Cholakis, as the presiding justice
of the Family Court assigned to this proceeding;
John & Jane Does 1–100, whose identities may or
may not be known but necessary parties to these
proceedings; ABC Corp's 1–100, those entities
whose identities are currently unknown, but
necessary parties to these proceedings, Defendants.

No. 1:11–CV–0637 (GTS/RFT).
|
Jan. 25, 2012.

**Attorneys and Law Firms**

Loriann and Lorraine Deuel, Unionville, TN, pro se.

### DECISION and ORDER

Hon. GLENN T. SUDDABY, District Judge.

**\*1** Currently before the Court, in this *pro se* civil
rights action filed by Loriann Deuel and Lorraine Deuel
("Plaintiffs") against the above-captioned defendants
(together "Defendants"), are (1) United States Magistrate
Judge Randolph F. Treece's Report Recommendation
recommending that Plaintiff's Complaint be dismissed,
and (2) Plaintiffs' Objections to that Report
Recommendation. (Dkt.Nos.4, 5.) For the following
reasons, the Report Recommendation is accepted and
adopted, and Plaintiffs' Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Plaintiffs' Complaint
On June 8, 2011, Plaintiffs filed their Complaint
in this action. (Dkt. No. 1.) Generally, in their
Complaint, Plaintiffs allege that Defendants violated their
constitutional right to due process and equal protection

under 42 U.S.C. § 1983 in connection with various custody
proceedings involving Plaintiff Loriann's minor child,
BMD. (Dkt. No. 1 at 4.)

More specifically, construed with the utmost of special
liberality, Plaintiffs' Complaint asserts the following six
claims against Defendants: (1) Defendants New York
State Unified Court System and Cholakis violated, and/
or conspired to violate, Plaintiffs' due process rights under
the Fourteenth Amendment by, *inter alia,* improperly
(a) exercising jurisdiction over Plaintiffs during various
custody proceedings from 2002 to 2004, where no such
jurisdiction existed, (b) failing to notify her of various
of those court proceedings, (c) holding various of those
proceedings in her absence, and (d) awarding Defendant
Dalton custody of BMD, even though Defendant Dalton
had not established paternity; (2) Defendants New York
State Unified Court System and Cholakis violated,
and/or conspired to violate, Plaintiffs' equal protection
rights under the Fourteenth Amendment by denying
Plaintiffs their parental and familial rights; (3) Defendants
New York State Unified Court System, Cholakis and
Danaher committed, and/or conspired to commit, fraud
against Plaintiffs; (4) Defendants New York State Unified
Court System, Cholakis and Danaher suborned, and/or
conspired to suborn, perjury by Defendant Dalton; (5)
Defendant Cholakis, New York State Family Court Judge
committed judicial misconduct against Plaintiffs; and (6)
Defendant Danaher committed professional misconduct
against Plaintiffs. (Dkt. No. 1 at 30 34.)

For a more detailed recitation of Plaintiffs' claims, and
the factual allegations giving rise to those claims, reference
is made to Plaintiffs' Complaint and Magistrate Judge
Treece's Report Recommendation in their entireties.
(Dkt.Nos.1, 4.)

### B. Magistrate Judge Treece's Report–Recommendation
On July 19, 2011, Magistrate Judge Treece issued a
Report Recommendation recommending that Plaintiffs'
Complaint be dismissed for the following reasons: (1)
the Court lacks subject-matter jurisdiction over domestic
relations matters, including those related to child custody;
(2) Plaintiffs' claims are barred by the applicable statute
of limitations; and (3) Plaintiff has failed to state a claim
upon which relief can be granted pursuant to 28 U.S.C. §
1915(e)(2). (*See generally* Dkt. No. 4.)

### C. Plaintiffs' Objections to the Report–Recommendation

**\*2** On August 1, 2011, Plaintiffs filed their Objections to the Report Recommendation. (Dkt. No. 5.) Generally, liberally construed, Plaintiffs' Objections argue that Magistrate Judge Treece made the following errors: (1) the Court does have subject-matter jurisdiction in this case because the relief requested does not require the Court to "become enmeshed in factual disputes" (Dkt. No. 5 at 3); (2) Plaintiffs have stated a claim under 42 U.S.C. § 1983 because they have adequately alleged Defendants Dalton and Danaher are state actors (Dkt. No. 5 at 4); and (3) the action is not barred by the applicable statute of limitations because the state court "matter has been ongoing for the past seven years." (Dkt. No. 5 at 4.)

In addition, in their Objections, Plaintiffs seek leave to file an Amended Complaint, which Plaintiffs purport would do the following: (1) remove Defendant Cholakis from this action "pursuant to judicial immunity statutes"; (2) "remove the habeas corpus request"; and (3) include recent civil rights violations in an effort "to clear up misunderstandings regarding jurisdiction, timeliness, and the statement of claims." (Dkt. No. 5 at 6.)

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review Governing a Report–Recommendation

When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c). When performing such a *de novo* review, the Court "may ... receive further evidence...." 28 U.S.C. § 636(b) (1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. [2]

[1]    *See also Mario v. P & C Food Markets, Inc.,* 313 F.3d 758, 766 (2d Cir.2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his

Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim ' [f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment. This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim. ).

[2]    *See Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137 38 (2d Cir.1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate. ) internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n. 3 (2d Cir.1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate ); *cf. U.S. v. Raddatz,* 447 U.S. 667, 676, n. 3, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts. ); Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo does not indicate that a secondary evidentiary hearing is required. ).

When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review. Fed.R.Civ.P. 72(b)(2) and (3); Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition. [3] Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation to a clear error review. [4] Finally, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error. Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition. [5]

3    *See also Brown v. Peters,* 95 CV 1641, 1997 WL
     599355, at *2 3 (N.D.N.Y. Sept.22, 1997) (Pooler,
     J.) collecting cases], *aff'd without opinion,* 175
     F.3d 1007 (2d Cir.1999); *Vargas v. Keane,* 93
     CV 7852, 1994 WL 693885, at *1 (S.D.N.Y.
     Dec.12, 1994) (" Petitioner's] general objection that
     a] Report ... did not] redress the constitutional
     violations experienced by petitioner] ... is a general
     plea that the Report not be adopted ... and] cannot
     be treated as an objection within the meaning of 28
     U.S.C. § 636. ), *aff'd,* 86 F.3d 1273 (2d Cir.), *cert.
     denied,* 519 U.S. 895, 117 S.Ct. 240, 136 L.Ed.2d 169
     (1996).

4    *See Mario,* 313 F.3d at 766 ("Merely referring
     the court to previously filed papers or arguments
     does not constitute an adequate objection under
     either Fed.R.Civ.P. 72(b) or Local Civil Rule 72.3(a)
     (3). ); *Camardo v. Gen. Motors Hourly Rate Emp.
     Pension Plan,* 806 F.Supp. 380, 382 (W.D.N.Y.1992)
     (explaining that court need not consider objections
     that merely constitute a "rehashing of the same
     arguments and positions taken in original papers
     submitted the magistrate judge); *accord, Praileau
     v. Cnty. of Schenectady,* 09 CV 0924, 2010 WL
     3761902, at *1, n. 1 (N.D.N.Y. Sept. 20, 2010
     (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue,* 07
     CV 1077, 2010 WL 2985968, at *3 & n. 3 (N.D.N.Y.
     July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S.
     Div. of Parole,* 04 CV 0484, 2006 WL 149049, at *4
     (N.D.N.Y. Jan.18, 2006) (Sharpe, J.).

5    *See also Batista v. Walker,* 94 CV 2826, 1995 WL
     453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor,
     J.) ("I am permitted to adopt those sections of
     a magistrate judge's] report to which no specific
     objection is made, so long as those sections are
     not facially erroneous.  internal quotations marks
     omitted.] ).

After conducting the appropriate review, the Court may
"accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge." 28
U.S.C. § 636(b) (1)(C).

**B. Legal Authority for Reviewing a Complaint *Sua
Sponte***

**\*3** Under the circumstances, the Court's authority
to *sua sponte* review Plaintiffs' Complaint stems from
three separate sources. (1) Fed.R.Civ.P. 12(h)(3), which
provides that "[i]f the court determines at any time that
it lacks subject-matter jurisdiction, the court must dismiss

that action"; (2) 28 U.S.C. § 1915(e)(2) (B), which provides
that, when a plaintiff seeks to proceed *in forma pauperis,*
"the court shall dismiss the case at any time if the court
determines that  ... the action (i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted;
or (iii) seeks monetary relief against a defendant who is
immune from such relief"; and (3) the Court's inherent
power to manage its docket.

With regard to the second of the three above-described
authorities, the Court notes that the dismissal of an action
as barred by the applicable statute of limitation may
fall within the ambit of the Court's power to dismiss a
complaint for failure to state a claim pursuant to 28 U.S.C.
§ 1915(e). [6] In addition, the dismissal of an action as
duplicative has been found to fall within the ambit of the
Court's power to dismiss a complaint which is frivolous or
malicious pursuant to 28 U.S.C. § 1915(e). [7]

6    *See Pino v. Ryan,* 49 F.3d 51, 54 (2d Cir.1995)
     ("Nothing ... suggests that an affirmative defense
     appearing on the face of a complaint may not be the
     basis for a *sua sponte* dismissal under section 1915(d)
      section 1915(e) as amended] prior to service of te
     complaint. ); *accord, Pratts v. Coombe,* 49 F. App'x
     392, 393 (2d Cir.2003).

7    *See Bailey v. Johnson,* 846 F.2d 1019, 1021
     (5th Cir.1988) (holding that a complaint that
     repeats pending or previously litigated claims "may
     be considered abusive  and dismissed under the
     authority of Section 1915 e] ); *Buckenberger v. Reed,*
     10 CV 0856, 2010 WL 1552672, at *1 (E.D.La.
     Mar.16, 2010) (recommending dismissal of complaint
     asserting claims which were duplicative of those in
     a pending action as "malicious); *Smith v. Ferrell,*
     09 CV 0466, 2010 WL 653798, at *2 3 (S.D.Ala.
     Feb.18, 2010) (dismissing action because claims were
     duplicative of those in another pending action);
     *Williams v. Bunn,* 06 CV 0466, 2007 WL 1703816,
     at *2 (W.D.N.Y. Jun.7, 2007) (dismissing "religious
     claim  with prejudice because it was "repetitive of
     a claim twice brought previously and dismissed for
     plaintiff's failure to serve); *Hahn v. Tarnow,* 06 CV
     12814, 2006 WL 2160934, at *1 (E.D.Mich. July 31,
     2006) (dismissing complaint as "repetitive, malicious
     and frivolous, and duplicative ); *Blake v. Bentsen,* 95
     CV 2227, 1995 WL 428694, at *2 (E.D.N.Y. Jul.11,
     1995) (dismissing "repetitious litigation  as abusive
     and malicious); *Denton v. Hernandez,* 504 U.S. 25, 30,
     112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (recognizing

WESTLAW  © 2017 Thomson Reuters. No claim to original U.S. Government Works.

Congress's concern in 28 U.S.C. § 1915 that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. ).

With regard to the third of the three above-described authorities, it is well settled that a district court has the power to *sua sponte* dismiss *pro se* complaint based on frivolousness. *See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp.,* 221 F.3d 362, 363 (2d Cir.2000) (recognizing that district court has power to *sua sponte* dismiss *pro se* complaint based on frivolousness notwithstanding fact that plaintiff has paid statutory filing fee). It is also well settled that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir.2000); *see also Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) ("As between federal district courts, ... though no precise rule has evolved, the general principle is to avoid duplicative litigation."). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C O Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952). [8] The doctrine is also meant to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacob,* 950 F.2d 89, 93 (2d Cir.1991) . [9]

[8]    The Second Circuit affirmed the dismissal of an action which "substantially duplicate d]  the conspiracy claim asserted in a prior action, notwithstanding the fact that the conspiracy claim in the first action was dismissed as insufficiently pleaded and plaintiff was afforded an opportunity to amend, because " plaintiff's] recourse is to appeal that decision after judgment is entered in that case, not to file a duplicative second complaint. *Brown v. Plansky,* 24 F. App'x 26, 28 (2d Cir.2001).

[9]    The rule against duplicative litigation is distinct from, but related to, the doctrine of claim preclusion or *res judicata*, and the two doctrines serve some of the same policies. As the Supreme Court stated over 100 years ago in *United States v. The Haytian Republic,* 154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930 (1894), " T]he true test of the sufficiency of a plea of 'other suit pending in another forum  i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,

regarding the matters at issue in the second suit.  *Id.* at 124.

## C. Legal Standard Governing Dismissal Based on Lack of Subject–Matter Jurisdiction

Magistrate Judge Treece correctly recited the legal standard governing a dismissal based on lack of subject-matter jurisdiction in his Report  Recommendation. (Dkt. No. 4 at 2 3.) As a result, that standard is incorporated herein by reference in this Decision and Order.

## D. Legal Standard Governing Dismissal Based on Expiration of Statute of Limitations

**\*4**  Magistrate Judge Treece correctly recited the legal standard governing a dismissal based on the expiration of the relevant statute of limitations in his Report Recommendation. (Dkt. No. 4 at 3 4.) As a result, that standard is incorporated herein by reference in this Decision and Order.

## E. Legal Standard Governing Dismissal Based on Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed.R.Civ.P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.,* 549 F.Supp.2d 204, 211, nn. 15  16 (N.D.N.Y.2008) (McAvoy, J., adopting Report  Recommendation on *de novo* review).

Because Plaintiffs' Complaint is dismissed based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[ ]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed.R.Civ.P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed.R.Civ.P. 8(a)(2) as "simplified" and "liberal." *Jackson,* 549 F.Supp.2d at 212, n. 20 (citing Supreme

Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed.R.Civ.P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson,* 549 F.Supp.2d at 212, n .17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson,* 549 F.Supp.2d at 212, n. 18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F.Supp.2d 203, 213 & n. 32 (N.D.N.Y.2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12 61 (3d ed.2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp .2d at 213, n. 22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 52, 173 L.Ed.2d 868 (2009).

 **\*5** Most notably, in *Bell Atlantic Corp. v. Twombly,* the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson,* 355 U.S. 41, 45 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly,* 127 S.Ct. at 1968 69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 1965 74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id .* at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.*

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not show[n]-that the pleader is entitled to relief." *Iqbal,* 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.,* it "does not impose a probability requirement." *Twombly,* 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal,* 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

 **\*6** This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed.R.Civ.P. 8, 10 and 12. [0] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed.R.Civ.P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.   Stated more simply, when a plaintiff is proceeding *pro se,* "all normal rules of pleading are not absolutely suspended." *Jackson,* 549 F.Supp.2d at 214, n. 28 [citations omitted]. [2]

10    *See Vega v. Artus,* 610 F.Supp.2d 185, 196 & nn. 8 9 (N.D.N.Y.2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F.Supp.2d at 214 & n. 34 (citing Second Circuit cases).

11    *See Vega,* 610 F.Supp.2d at 196, n. 10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F.Supp.2d at 214 & n. 34 (citing Second Circuit cases).

12    It should be emphasized that Fed.R.Civ.P. 8's plausibility standard, explained in *Twombly,* was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus,* in which (when reviewing a *pro se* pleading) the Court stated, *"Specific facts are not necessary to successfully state a claim under* Fed.R.Civ.P. 8(a)(2). *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) emphasis added]. That statement was merely an abbreviation of the often repeated point of law first offered in *Conley* and repeated in *Twombly* that a pleading need not "set out *in detail* the facts upon which the claim is based] in order to successfully state a claim. *Twombly,* 127 S.Ct. 1965, n. 3 (citing *Conley,* 355 U.S. at 47) emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F.Supp.2d at 214 & n. 35 (explaining holding in *Erickson* ).

### F. Legal Standard Governing Dismissal Based on Duplicative Nature of Action

Although no precise test has been articulated for determining whether actions are duplicative, "the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc. v. Jefferson Nat. Bank,* 793 F.2d 1541, 1551 (11th Cir.1986). "Courts generally look to the identity of the parties, legal claims, factual allegations including temporal circumstances, and the relief sought to determine if the complaint is repetitive or malicious." *Hahn,* 2006 WL 2160934, at *3.

It is worth noting that district courts have broad discretion in determining whether an action should be dismissed as duplicative. *Lopez v. Ferguson,* 361 F. App'x 225, 226 (2d Cir.2010) (affirming dismissal of action as duplicative of a pending class action as to which plaintiff fell within

the certified class). [3] There are several approaches to the proper disposition of duplicative actions, including stay of the second action, dismissal without prejudice, and consolidation. *Curtis,* 226 F.3d at 138. In addition, "simple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 138 39. [4]

13    *See also Flemming v. Wurzberger,* 322 F. App'x 69, 71 (2d Cir.2009); *Curtis,* 226 F.3d at 138.

14    *See also Zerilli v. Evening News Ass'n,* 628 F.2d 217, 222 (D.C.Cir.1980); *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir.1977) (*en banc* ).

### G. Legal Standard Governing Dismissal Based on Doctrines of Res Judicata and/or Collateral Estoppel

Claim preclusion, also sometimes referenced to as res judicata, requires that a final judgment of an action on the merits be given preclusive effect, barring parties, as well as those in privity with them, from relitigating claims which were or could have been raised in the prior action. *Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 286 87 (2d Cir.2002); *see also Fay v. South Colonie Cent. Sch. Dist.,* 802 F.2d 21, 28 (2d Cir.1986) (citing *Federated Dep't Stores v. Moitie,* 452 U.S. 394, 398 [1981] ), *overruled on other grounds, Taylor v. Vermont Dep't of Educ.,* 313 F.3d 768 (2d Cir.2002).

Issue preclusion, a more narrow doctrine often referred to as collateral estoppel, bars a party that has had a full and fair opportunity to litigate an issue of fact or law from relitigating the same issue once it has been actually and necessarily decided against that party or its privy. *McKithen v. Brown,* 481 F.3d 89, 105 (2d Cir.2007); *Marvel,* 310 F.3d at 288 89.

### III. ANALYSIS

**\*7** As stated above in Part I.C. of this Decision and Order, Plaintiffs' Objections argue that Magistrate Judge Treece made the following errors: (1) the Court does have subject-matter jurisdiction in this case because the relief requested does not require the Court to "become enmeshed in factual disputes" (Dkt. No. 5 at 3); (2) Plaintiffs, indeed, stated a claim under 42 U.S.C. § 1983 because they have adequately alleged Defendants Dalton and Danaher are state actors (Dkt. No. 5 at 4); and (3) the

action is not time-barred because the state court "matter has been ongoing for the past seven years." (Dkt. No. 5 at 4.)

In accordance with N.D.N.Y. L.R. 72.1(c), the Court finds the first and second objections are specific in nature because Plaintiffs identified the portions of Magistrate Judge Treece's Report Recommendation to which they object with particularity, and Plaintiffs cited (albeit improper) legal authority in an effort to support their objections. (See generally Dkt. No. 5.) As a result, the Court subjects those portions of Magistrate Judge Treece's Report Recommendation to which Plaintiffs object to a de novo review. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1) (C).

Plaintiffs' third objection, however, is only general in nature. Although Plaintiffs specifically identify the portion of the Report Recommendation to which they object, they fail to provide any legal basis for the objection. (See generally Dkt. No. 5 at 4 6 .) As a result, the Court reviews that portion of Magistrate Judge Treece's Report Recommendation to which Plaintiffs object for only clear error. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

After carefully subjecting Magistrate Judge Treece's Report Recommendation to the appropriate level of review, the Court finds no error in the Report Recommendation. Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report Recommendation is accepted and adopted in its entirety for the reasons stated therein. The court would add only five brief points.

First, those portions of Magistrate Judge Treece's Report Recommendation that the Court has reviewed only for clear error (e.g., the holding that Plaintiffs' claims are barred by the statute of limitations) would survive even a de novo review.

Second, Plaintiff's argument that the Court need not "become enmeshed in factual disputes" (and thus it does have subject-matter jurisdiction in this case) is without merit for several reasons. For example, to determine whether Plaintiffs' due process rights were violated, the Court would inevitably have to engage in a factual inquiry regarding the custodial placement of BMD with Defendant Dalton. The Court might, for example, need to evaluate the same facts the state court did in making its custody determination in the first place. Doing so, however, would violate the general rule that domestic relations matters are primarily matters for state courts.

*8 Third, Plaintiffs' action appears largely duplicative of two previously filed actions: (1) Deuel v. Dalton, 06 CV 0234, Complaint (M.D. Tenn. filed March 23, 2006); and (2) Deuel v. Dalton, 11 CV 0466, Complaint (M.D. Tenn. filed May 16, 2011). While the first of these two actions appears to have been dismissed only without prejudice, [5] the second of these two actions is still pending in the Middle District of Tennessee-contributing to the waste of judicial resources, and running the risk of inconsistent rulings and preclusion by collateral estoppel. [6] The Court notes that in May 20011 an Order was issued in the second action, referring the case to a magistrate judge for a review of whether the action is frivolous. Deuel v. Dalton, 11 CV 0466, Order (M.D. Tenn. filed May 18, 2011) (Trauger, J.). As a result, this action is dismissed based also on this alternative ground.

[5]     Deuel v. Dalton, 06 CV 0234, Memorandum and Order (M.D. Tenn. filed August 15, 2006) (Trauger, J.). See also Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123 (2d Cir.1999) (" W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice. ).

[6]     For example, both the second action and the action before this Court present claims against Frank Dalton, John and Jane Does 1 100, and ABC Corp's 1 100, for violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment (as well as fraud and conspiracy), arising from, inter alia, the unfavorable rulings Plaintiff Loriann Deuel received in child custody proceedings in New York State court from 2002 to 2004 due to the alleged misconduct of Dalton, Family Court Judge Catherine Cholakis and Law Guardian Phillip J. Danaher. See Deuel v. Dalton, 11 CV 0466, Complaint, at 4 5, 9 12, 15 18, 30 32 (M.D. Tenn. filed May 16, 2011).

Fourth, Plaintiffs' claims against New York State Unified Court System and Cholakis are barred by the Eleventh Amendment and the doctrine of absolute immunity. [7] Similarly, Plaintiffs' claims against Defendant Danaher are barred by the doctrine of qualified immunity (if not also the doctrine of absolute immunity). Moreover, Plaintiffs' Complaint does not allege facts plausibly

suggesting that Defendant Dalton is a state actor for purposes of 42 U.S.C. § 1983. Furthermore, Plaintiffs' Complaint does not allege facts plausibly suggesting the personal involvement of Defendants John and Jane Does 1 100 and ABC Corp's 1 100 in any of the violations alleged. (*See generally* Dkt. No. 1.) Finally, Plaintiffs' Complaint does not allege facts plausibly suggesting that Plaintiff Lorraine Deuel has standing to assert any claims in this action (or even that she bears any familial or custodial relationship to BMD). (*Id.*) [8] Simply stated, additional pleading defects plague Plaintiffs' claims against each of the Defendants in this action, as well as each of the claims asserted by Plaintiff Lorraine Deuel. As a result, this action is dismissed based also on this alternative ground.

[17]    The Court notes that, in their Objections and Complaint, Plaintiffs' acknowledge that (1) their claims against Defendant Cholakis are barred by the doctrine of absolute immunity, and (2) their claims against Defendant New York State Unified Court System are based on their claims against Defendant Cholakis (pursuant to the doctrine of respondeat superior). (Dkt. No. 5, at 6; Dkt. No. 1, at 31.)

[18]    The Court notes that Plaintiffs' argument in their Objections that Lorraine Deuel was a party to "a recent appellate decision  is simply not sufficient to state the claims in question. (Dkt. No. 5, at 6.)

Fifth, and finally, Plaintiffs' request for leave to amend their Complaint is denied because the numerous pleading defects in Plaintiff's Complaint are substantive rather than formal. [9] As a result, the Court sees no need to *sua sponte* grant Plaintiffs leave to amend those claims before it dismisses them. [20]

[19]    For example, lack of subject matter jurisdiction and the expiration of the statute of limitations are substantive defects. *See U.S. ex rel. Phipps v. Comprehensive Comty. Dev. Corp.,* 152 F.Supp.2d 443, 455 (S.D.N.Y.2001) (" I]t is not appropriate to grant Phipps's request for leave to amend the Complaint] because the Court has determined that it does not have subject matter jurisdiction over this action. ); *Chan v. Reno,* 916 F.Supp. 1289, 1302 (S.D.N.Y.1996) ("An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. As will be discussed herein, the proposed amended complaint] ... presents a non

justiciable claim and fails to present this Court with subject matter jurisdiction. Therefore, because  the proposed amended complaint] would be subject to a successful motion to dismiss ..., amendment would be futile. ); *Grace v. Rosenstock,* 228 F.3d 40, 53 (2d Cir.2000) ( "Amendment would likely be futile if ... the claims the plaintiff sought to add would be barred by the applicable statute of limitations. ); *accord, In re WorldCom, Inc. Securities Litigation,* 303 F.Supp.2d 385, 390 (S.D.N.Y.2004).

[20]    *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (finding that denial of leave to amend is not abuse of discretion where amendment would be futile); *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend. ) (citations omitted); *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied. ) (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice. ) (citation omitted); *Health Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir.1990) (" W]here ... there is no merit in the proposed amendments, leave to amend should be denied ); *Brown v. Peters,* 95 CV 1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept.22, 1997) (Pooler, J.) (" T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile. ).

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Treece's Report Recommendation (Dkt. No. 4) is ***ACCEPTED*** and ***ADOPTED*** in its entirety; and it is further

**ORDERED** that Plaintiffs' Complaint (Dkt. No. 1) is ***DISMISSED*** in its entirety.

*The Court certifies, for purposes of 28 U.S.C. § 1915(a) (3), that any appeal taken from this Decision and Order would not be taken in good faith.*

**Deuel v. Dalton, Not Reported in F.Supp.2d (2012)**
Case 1:17-cv-00423-MAD-TWD    Document 6    Filed 05/01/17    Page 21 of 21
2012 WL 235523

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 235523

---

                                        © 2017 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW    © 2017 Thomson Reuters. No claim to original U.S. Government Works.    9