**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
───────────────────────────────────────────

**THOMAS J. MORAN,**

                                        **Plaintiff,**

         **vs.**                                              **1:17-cv-00423**
                                                              **(MAD/TWD)**

**PROSKAUER ROSE LLP;**
**JEROLD D. JACOBSON; and**
**KEISHA ANN GRACE GRAY,**

                                        **Defendants.**
───────────────────────────────────────────

**APPEARANCES:**                          **OF COUNSEL:**

**THOMAS J. MORAN**
500 16th St.
Apt. 203
Watervliet, New York 12189
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

                                    **ORDER**

         Plaintiff commenced this action *pro se* on April 17, 2017 against Proskauer Rose LLP

("Proskauer Rose"), Jerold D. Jacobson ("Defendant Jacobson"), and Keisha Ann Grace Gray

("Defendant Gray").  *See* Dkt. No. 1.  In an Order and Report-Recommendation dated May 1,

2017, Magistrate Judge Dancks granted Plaintiff's application to proceed *in forma pauperis* for

filing purposes only and denied Plaintiff's motion for appointment of counsel.  *See* Dkt. No. 6 at

2, 9.  In reviewing the sufficiency of the complaint, Magistrate Judge Dancks concluded that the

Court lacks subject matter jurisdiction over Plaintiff's claims, and therefore, despite Plaintiff's *pro*

*se* status, recommended that Plaintiff's complaint be dismissed with prejudice.  *See id.* at 9.  On

May 26, 2017, Plaintiff filed objections to Magistrate Judge Dancks's Order and Report-

Recommendation.  *See* Dkt. No. 7.

According to the complaint, Proskauer Rose is a global law firm and Defendants Jacobson and Gray are attorneys with Proskauer Rose. *See* Dkt. No. 1 at 5. Plaintiff asserts that Proskauer Rose is counsel for non-party Jewish Board of Family and Children's Services ("JBFCS"), Plaintiff's former employer. *See id.* at 5-6. As Magistrate Judge Dancks noted, according to publicly available documents, Plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR") against JBFCS. *See* Dkt. No. 6 at 4.

Plaintiff alleges that Defendants Jacobson and Gray appeared at a conference before the NYSDHR on behalf of JBFCS. *See* Dkt. No. 1 at 5-6. Plaintiff alleges that, at the time of this conference, Defendants Jacobson and Gray were not appropriately licensed to practice law in New York State through the New York State Unified Court System. *See id.* Plaintiff alleges that he told two of NYSDHR's employees that "allowing two attorneys with no valid law licenses into this conference to practice law is fraudulent." *Id.* at 6.

Moreover, Plaintiff alleges that Defendant Jacobson wrote a "fraudulent" email response to Plaintiff's NYSDHR complaint since Defendant Jacobson's "law license [was] expired at the time the [r]esponse was sent." *Id.* Plaintiff also argues that, because of Defendant Jacobson's personal relationship with the JBFCS, it is inappropriate for him "to handle the issues of the Jewish Board." *Id.* at 7. Furthermore, Plaintiff claims that Defendant Gray "tricked [Maria] Di Cosimo of Lexis-Nexis into providing Ms. Gray with information that was obtained through Ms. Di Cosimo's connection with Lexis-Nexis fraudulently." *Id.* Plaintiff requests $240 million in total from Defendants and an injunction preventing Defendant Proskauer Rose from "continuing its practice of allowing attorneys with no law licenses to practice law in the State of New York as well as the United States." *Id.* at 8.

2

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). However, "[t]he right of self-representation does not exempt a party from compliance with the relevant rules of procedural and substantive law." *Massie v. Ikon Office Solutions, Inc.*, 381 F. Supp. 2d 91, 94 (N.D.N.Y. 2005) (quoting *Clarke v. Bank of New York*, 687 F. Supp. 863, 871 (S.D.N.Y. 1988)).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004). As mentioned, Plaintiff has submitted objections to the Order and Report-Recommendation. *See* Dkt. No. 7.

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). Federal jurisdiction is available only when a "federal question" is presented or when the plaintiff and the defendant are of diverse citizenship and the amount in controversy exceeds

$75,000.  28 U.S.C. §§ 1331, 1332.  When a court lacks subject matter jurisdiction, dismissal of the complaint is mandatory.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Id.* (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

In order to invoke "federal question" jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Here, as Magistrate Judge Dancks concluded, Plaintiff has failed to allege a claim that arises under the Constitution or laws of the United States of America.  Plaintiff's main allegation surrounds the state bar licensure of two private attorneys employed by a private limited liability partnership.  *See* Dkt. No. 1 at 5. There is no federal claim that can be inferred from the facts alleged.

Plaintiff has submitted his allegations on a form that is provided by the Court for *pro se* litigants to file civil rights complaints pursuant to 42 U.S.C. § 1983 ("Section 1983").  *See id.* at 1. However, there is no indication from Plaintiff's allegations that a Section 1983 claim could be supported.  In his objections, Plaintiff agreed with Magistrate Judge Dancks that the reason he used a civil rights complaint form was because it was provided to him by the Court.  *See* Dkt. No. 7 at 4.

To state a Section 1983 claim, "a plaintiff must allege (1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'"  *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).  Moreover, "[b]ecause the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'"  *Flagg v.*

4

*Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 187 (2d Cir. 2005) (quoting *United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991)).  The conduct of a private actor may be considered state action when the private actor "is a willful participant in joint activity with the State or its agents."  *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

Defendants Jacobson and Gray are private attorneys working for a private law firm.  *See* Dkt. No. 1 at 5.  Plaintiff does not allege that Defendants had any affiliation with the State of New York beyond their licensure, and therefore, they cannot be deemed "state actors" under Section 1983.  *See Licari v. Voog*, 374 Fed. Appx. 230, 231 (2d Cir. 2010) ("[P]rivate attorneys—even if the attorney was court appointed—are not state actors for the purposes of § 1983 claims.") (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)).  Furthermore, Proskauer Rose's registration as a domestic limited liability partnership with the State of New York does not render it a "state actor."[1]  *See Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003) (citing *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 543-44 (1987)).  Plaintiff has also failed to allege that Defendants conspired with any state actor to violate his constitutional rights.  Accordingly, Plaintiff has failed to allege a cause of action that provides this Court with subject matter jurisdiction under 28 U.S.C. § 1331.  Plaintiff's objections offer nothing to cure this defect.

As Magistrate Judge Dancks also found, Plaintiff has failed to establish a basis for diversity jurisdiction under 28 U.S.C. 1332.  *See* Dkt. No. 6 at 8.  Diversity jurisdiction is only proper where "all of the adverse parties in a suit [are] completely diverse with regard to

---

[1] As Magistrate Judge Dancks noted, Proskauer Rose is listed as a domestic registered limited liability partnership with the New York State Division of Corporations.  *See* Dkt. No. 6 at 8 n.4.

citizenship." *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)).  For the purposes of diversity jurisdiction, the citizenship of limited liability partnerships, like Proskauer Rose, is determined by the citizenship of all of its members.  *See Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000).

Here, the complaint states that Plaintiff lives in Watervliet, New York, and that Defendants Jacobson and Gray are also citizens of New York.  *See* Dkt. No. 1 at 1-2, 5. Proskauer Rose's citizenship is determined by the citizenship of each of its members, including Defendants Jacobson and Gray.[2]  *See id.*  As such, all parties are citizens of New York, and this Court lacks diversity jurisdiction over Plaintiff's claims.  Accordingly, Plaintiff's complaint is dismissed.

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted).  Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it."  *Id.* (citation omitted).  As Magistrate Judge Dancks found, lack of subject matter jurisdiction is a substantive defect that cannot be cured by better pleading.  *See*

---

[2] Defendants Jacobson and Gray are listed as partners on the Proskauer Rose website. *Professionals*, Proskauer Rose, http://www.proskauer.com/professionals/ (last visited July 13, 2017).

Dkt. No. 6 at 9; *see also Planck v. Schenectady Cty.*, No. 1:12-CV-0336, 2012 WL 1977972, *6

(N.D.N.Y. June 1, 2012).  As such, Plaintiff's complaint is dismissed with prejudice.[3]

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks's Order and Report-Recommendation (Dkt. No.

6) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED in its entirety without**

**leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close

this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in

accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  July 26, 2017
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[3] Since the Court is dismissing Plaintiff's complaint with prejudice, the Court will not address Plaintiff's objection to Magistrate Judge Dancks's denial of Plaintiff's motion for appointment of counsel.