**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**THOMAS J. MORAN,**

                                  **Plaintiff,**

    vs.                                                    **1:17-cv-00423**
                                                                **(MAD)**

**PROSKAUER ROSE LLP;**
**JEROLD D. JACOBSON; and**
**KEISHA ANN GRACE GRAY,**

                                  **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**THOMAS J. MORAN**
500 16th St.
Apt. 203
Watervliet, New York 12189
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

## I. INTRODUCTION

      Plaintiff commenced this action *pro se* on April 17, 2017 against Proskauer Rose LLP ("Proskauer Rose"), Jerold D. Jacobson ("Defendant Jacobson"), and Keisha Ann Grace Gray ("Defendant Gray"). *See* Dkt. No. 1. In an Order and Report-Recommendation dated May 1, 2017, Magistrate Judge Dancks granted Plaintiff's application to proceed *in forma pauperis* for filing purposes only and denied Plaintiff's motion for appointment of counsel. *See* Dkt. No. 6 at 2, 9. In reviewing the sufficiency of the complaint, Magistrate Judge Dancks concluded that the Court lacks subject matter jurisdiction over Plaintiff's claims, and therefore, despite Plaintiff's *pro se* status, recommended that Plaintiff's complaint be dismissed with prejudice. *See id.* at 9. On May 26, 2017, Plaintiff filed objections to Magistrate Judge Dancks's Order and Report-Recommendation. *See* Dkt. No. 7. This Court adopted to Magistrate Judge Dancks's Order and Report-Recommendation on July 26, 2017. *See* Dkt. No. 8. Currently before the Court is

Plaintiff's motion for reconsideration.

## II. BACKGROUND

The Court assumes the parties' familiarity with the background of this case, as detailed in the July 26 Order.  *See* Dkt. No. 8.

## III. DISCUSSION

**A.     Standard of review**

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g).  *See Maye v. New York*, No. 1:10-cv-1260, 2011 WL 4566290, *2 n.6 (N.D.N.Y. Sept. 29, 2011).  "'In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements.'"  *Id.* (quoting *C–TC 9th Ave. P'ship v. Norton Co. (In re C–TC 9th Ave. P'ship)*, 182 B.R. 1, 2 (N.D.N.Y. 1995)).  A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "The prevailing rule 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'"  *Maye*, 2011 WL 4566290, at *2 (quoting *In re C–TC 9th Ave. P'ship*, 182 B.R. at 3).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Shrader*, 70 F.3d at 257.

**B.     Analysis**

Plaintiff asserts that this Court and Magistrate Judge Dancks erred in finding Plaintiff's claim frivolous as Plaintiff must surely be entitled to relief when his attorneys attempted to represent him without a valid license to practice law.  *See* Dkt. No. 10.  Plaintiff's motion for reconsideration fails to assert any of the before mentioned circumstances justifying

reconsideration. Plaintiff merely is attempting to relitigate the issue of subject matter jurisdiction.

Further, Plaintiff fails to consider that federal courts are courts of limited jurisdiction, unable to hear claims (1) that do not raise a "Federal Question," or (2) where the parties are not of diverse citizenship with a "matter in controversy exceed[ing] $75,000." *See* 28 U.S.C. §§ 1331, 1332. Plaintiff's motion for reconsideration does not assert any facts establishing that the Court in fact had subject matter jurisdiction but merely states that Plaintiff's claim is nonfrivolous. The Court is not stating Plaintiff is not entitled to relief or does not have a claim. The Court is not even considering the questions because the Court does not have the jurisdiction to hear Plaintiff's claim. Plaintiff must pursue his state law claim in state court, *not federal*.

As Plaintiff's objection fails to raise facts to establish that the Court did in fact possess subject matter jurisdiction over his claim, and is merely attempting to relitigate an issue already decided, Plaintiff's motion must be denied.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration is **DENIED**; and the Court further

**ORDERS** that Plaintiff's letter motion requesting the status of this case is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 29, 2018
      Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge